Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5619 | **DATE** | 6/4/2001 |
| **CASE TITLE** | Hobson vs. Lincoln Insurance | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, Hobson's motion for class certification (37-1) is granted in part and denied in part. The motion to certify a class for purposes of pursuing the TILA claim (Count 2 of Hobson's Fifth Amended Complaint) is granted. The motion to certify a class for purposes of pursuing the ICFA and a breach of fiduciary duty claims (Count 3 and 4 of Hobson's firth amended complaint) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 07 2001 | |
| | Notified counsel by telephone. | | date docketed | 57 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/6/2001 | |
| OR | courtroom deputy's initials | 01 JUN -6 PM 5:19 | date mailed notice OR | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FLORINE HOBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 99 C 5619 |
| | ) | |
| LINCOLN INSURANCE AGENCY, INC., | ) | |
| LINCOLN ACCEPTANCE COMPANY; | ) | |
| LINCOLN TRAVEL CLUB, INC., | ) | |
| NATIONAL HERITAGE INSURANCE | ) | |
| COMPANY; and STUART LISS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER



MATTHEW F. KENNELLY, District Judge:

Florine Hobson has sued her car insurance broker (Lincoln Insurance Agency, Inc.), as well as the companies that provided her comprehensive auto policy (National Heritage Insurance Company), her bail bond card and travel service (Lincoln Travel Club, Inc.) and the man who happens to be president of all of these companies (Stuart Liss). Several claims have come and gone in the years since Hobson first filed this suit. But in its current incarnation, Hobson's complaint alleges that Lincoln Acceptance violated the Truth In Lending Act, that all of the defendants violated the Illinois Consumer Fraud Act, and that Lincoln Insurance, Lincoln Acceptance and Lincoln Travel breached the fiduciary duty they owed Hobson. The case is before the Court on Hobson's motion for class certification. Hobson asks the Court to certify two classes,[1] and, after outlining the legal standards that govern our analysis, the Court considers

---

[1]Hobson initially moved for certification of 4 classes and two subclasses, but because she has
(continued...)

51

the appropriateness of each in turn.

To obtain class certification, Hobson must prove that the action satisfies the four prerequisites of Rule 23(a)–numerosity, commonality, typicality and adequacy of representation. Additionally, because she seeks certification under Rule 23(b)(3), Hobson must show that questions of law or fact common to all class members predominate over individual issues and that the class action mechanism is superior to other available methods of adjudication. *See* Fed. R. Civ. P. 23(b)(3); *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). Contrary to Hobson's assertion, in determining whether she has satisfied these criteria, we need not blindly accept her allegations as true; where assessment of the Rule 23 criteria overlaps the merits of the case, the Court may "look beneath the surface of the complaint" and "probe beyond the pleadings." *See Szabo v. Bridgeport Machines, Inc.*, ----- F.3d -----, No. 01-8003, 2001 WL 476574, at *4-5 (7th Cir. May 4, 2001).

1. Class C - The TILA Claim

Hobson first seeks to certify class C for purposes of her TILA claim against Lincoln Acceptance. Class C, as proposed, consists of "all persons with respect to whom Lincoln Acceptance Company issued Truth in Lending disclosures either (i) in the form represented by Exhibit A or (ii) to Lincoln Insurance Agency." Motion for Class Certification, p. 2. Exhibit A is the form Premium Finance Contract prepared in Hobson's case. Lincoln Acceptance opposes certification of this class, arguing that Hobson fails to satisfy the typicality and adequacy of representation requirements of Rule 23(a) and that she has failed to show that the class action

---

[1](...continued)
withdrawn her civil rights claims, she no longer seeks certification of Classes A and B or subclasses A and B. Accordingly, the Court considers the certification question with respect to classes C and D only.

mechanism would be the best way to adjudicate the TILA claim, as required by Rule 23(b)(3).

Lincoln Acceptance argues that Hobson's TILA claim is not typical of the class because she "never wanted premium financing and does not know what premium financing is"; because "she never saw the Premium Finance Contract and thus, the actual disclosures are meaningless to her claim"; because she "does not understand the actual terms required by TILA so disclosure would have been irrelevant"; because she "does not claim any actual damages"; and because she no longer has a premium finance contract with Lincoln Acceptance and therefore no longer has a right to rescind the contract. *See* Response to Motion for Class Certification, pp. 7-8. That Hobson never read the contract and suffered no damages (assuming this is so) are irrelevant. "'TILA requirements are enforced by imposing a sort of strict liability in favor of consumers who have secured financing through transactions not in compliance with the terms of the Act. It is strict liability in the sense that absolute compliance is required and even technical violations will form the basis for liability.'" *Rowland v. Magna Millikin Bank*, 812 F.Supp. 875, 878 (C.D.Ill.1992) (citing *Shepeard v. Quality Siding & Window Factory*, 730 F.Supp. 1295, 1299 (D.Del.1990)). And a plaintiff need not show that she suffered any actual damages to recover statutory penalties. *See Clay v. Johnson*, 22 F.Supp. 2d 832, 836 (N.D. Ill 1998) (citing *Brown v. Marquette Savings & Loan Assoc.*, 686 F.2d 608, 614 (7th Cir. 1982)). Similarly, it is of no moment that some plaintiffs might be entitled to the additional remedy of rescission. *See Indiana Lumbermens Mutual Insurance Co. v. Rusty Jones, Inc.*, 128 B.R. 1001, 1013 (N.D. Ill. 1991) (so long as the respective claims share the same legal theory, typicality will not be defeated even if different remedies are sought). Thus despite Lincoln Acceptance's objections, the Court finds that Hobson has satisfied the typicality requirement of Rule 23(a)(3).

Rule 23(a)(4) requires Hobson to show that she will fairly and adequately protect the interests of the class. This requirement has two parts: Hobson must show both that *she* is adequate and that her attorneys are adequate. Defendants challenge both aspects of this requirement. As to the adequacy of plaintiff's counsel, in *Harris v. Illinois Vehicle Premium Finance Co.*, No. 99 C 5411, 2000 WL 1307513, at *9 (N.D. Ill. Sept. 12, 2000), the Court found that the plaintiff's attorneys–the same attorneys who represent Hobson here–"are qualified, experienced and quite capable of conducting the proposed litigation," 2000 WL 1307513, at *8, and nothing in defendants' opposition brief convinces the Court to second guess that decision for purposes of this case, which is in substance the same as *Harris*. Nor do the concerns Lincoln Acceptance raises about Hobson show that she is an inadequate class representative. Neither the fact that Hobson has filed for bankruptcy protection, nor her "independent investor" business, nor her lack of knowledge about the particulars of her case suggest the sort of "antagonistic or conflicting claims" that will result in unfair and inadequate representation. *See Cobb v. Monarch Finance Corp.*, 913 F.Supp. 1164, 1173 (N.D. Ill. 1995) (finding that a plaintiff who has filed for bankruptcy protection is nonetheless an adequate representative) (citations omitted); *Kamen v. Kemper Financial Services, Inc.*, 908 F.2d 1338, 1349 (7th Cir. 1990) (it is the norm for a named plaintiff to know little about the case and to have given counsel free rein).

Finally, Lincoln Acceptance argues that a class action is not a superior or fair and efficient method for adjudicating Hobson's TILA claim, largely because any award to class members would be *de minimis* (roughly $1 in defendant's estimation). First, contrary to defendant's assertion, Hobson did allege actual as well as statutory damages on behalf of the class, which means that something in excess of the estimated $1 may be available for some plaintiffs. *See* Fifth Amended Complaint, p. 15. Moreover, if Lincoln Acceptance is right in its estimation of the per-plaintiff award, that makes this claim precisely the type suitable for

4

adjudication as a class action because no individual plaintiff would take on the alleged wrongs with only a single greenback to gain. *See Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997) ("a de minimis recovery (in monetary terms) should not automatically bar a class action. The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor."). Even if the Court is required at some point to assess actual damages on an individual basis, the Court does not believe such issues will predominate over the common issues involved in this claim. *See Williams v. Rizza Chevrolet-Geo, Inc.*, No. 99 C 2294, 2000 WL 263731, at *3 (N.D. Ill. March 6, 2000) (possibility of individualized damage inquiries does not defeat class certification even if individual hearings ultimately may be required) (citing *Heastie v. Community Bank of Greater Peoria*, 125 F.R.D. 669, 675 (N.D. Ill. 1989)); *Abt v. Mazda American Credit*, No. 98 C 2931, 1999 WL 350738, at *2 (N.D. Ill. May 19, 1999).

Having rejected Lincoln Acceptance's arguments against class certification, the Court finds that Hobson has satisfied the requirements of Rule 23(a) and (b)(3) with respect to class C, the proposed TILA class. The motion to certify this class is therefore granted.

2. <u>Class D - The ICFA and Breach of Fiduciary Duty Claims</u>

Hobson also seeks to certify class D for purposes of her Illinois Consumer Fraud Act and breach of fiduciary duty claims. Class D, as proposed, consists of all persons who satisfy the following criteria:

    a. They are the subject of a document in the form of Exhibit A, or any other document constituting Lincoln Insurance, their agent;
    b. They were sold insurance products issued by National Heritage Insurance Company or any other company under common ownership with Lincoln Insurance Agency Inc.;

5

c. There is no document provided prior to the transaction which clearly discloses that Lincoln Insurance Agency Inc. is under common ownership with the issuer of the products, and that Lincoln Insurance Agency Inc. is not acting on behalf of and in the interests of the insured.
d. The transactions occurred on or after August 27, 1996 (Count IV), on or after August 27, 1995 (Count V), or on or after August 27, 1994 (Count III).
Motion for Class Certification, p.2.[2]

The defendants oppose certification of this class, arguing that the requirements of both Rule 23(a) and (b) are absent. Specifically, defendants argue that Hobson has failed to show that the numerosity, typicality and adequacy of representation requirements can be met, and that individual questions predominate over common questions as to these claims, making class certification inappropriate. Turning first to the latter argument, the Court agrees that individual questions will predominate and therefore declines to certify the class as proposed.

Rule 23(b)(3) requires Hobson to show that questions of law or fact common to all class members predominate over individual issues. *See* Fed. R. Civ. P. 23(b)(3). Liability under the ICFA requires proof of (1) a deceptive act or practice by defendants; (2) in the course of conduct involving trade or commerce; (3) made with the intent that the plaintiff rely on the deception; (4) that proximately caused an injury to the plaintiff. *Williams*, 2000 WL 263731, at * 3 (citing *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 675 N.E.2d 584, 593 (1996)). As this Court held in ruling on the motion for class certification in *Harris*, a case that is as we have noted almost identical to this one, "[t]he fact that plaintiffs are required to prove intent in connection with this

---

[2] In her Fifth Amended Complaint, Hobson asserts her ICFA claim (Count 3) on behalf of a class designated as class D, and she asserts her breach of fiduciary duty claim (Count 4) on behalf of a class designated as class E. In the complaint she defines the two classes in the same way, except that the transactions involving class D's members occurred on or after August 27, 1996 and the transactions involving class E's members occurred on or after August 27, 1994. In her motion for class certification she appears to have merged these two so that she is asserting both claims on behalf of class D, though the date restrictions and the reference to transactions occurring "on or after August 27, 1995 (Count V)" is somewhat puzzling. The Court will assume that this is a typographical error–perhaps stemming from the frequency with which Hobson's claims have been amended–and proceed as if Hobson is seeking certification of the classes designated D and E in the Fifth Amended Complaint.

claim raises a significant possibility that some inquiry regarding what was said to each individual insured/debtor will be necessary . . . . [and] the need to deal with this issue on an individual basis may well overwhelm any common issues, absent a showing that the defendants had a standardized way of discussing the premium financing issues." 2000 WL 1307513, at *9 (citing *Williams*, 2000 WL 263731, at *3). Hobson does not attempt to distinguish *Harris*, which seems odd given that her counsel also represented the plaintiff in that case. Hobson's state law claims allege that Liss and Lincoln Insurance engaged in self-dealing by placing insurance for their customers with companies with which they were affiliated and–most crucial to the claims–that they never disclosed the affiliation. At his deposition, Liss testified that customers are advised of the affiliation: they receive a "welcome letter" "within several days after the customer takes out the insurance – within a week, a few days." Liss Deposition, p. 76. Liss also stated that customers are told about the different companies "[w]hen the insurance is sold." *Id.*, p. 77. Thus, contrary to Hobson's assertion, an individualized inquiry into what each plaintiff was told–whether by the broker or through written materials–and when, will indeed be necessary. Because the Court believes these issues–especially when combined with the individualized injury inquiry–are likely to consume the proceedings with regard to the ICFA claim, the Court declines to permit these claims to proceed on a class basis.

For the reasons explained above, Hobson's motion for class certification [Docket No. 37-1] is granted in part and denied in part. The motion to certify a class for purposes of pursuing the TILA claim (Count 2 of Hobson's Fifth Amended Complaint) is granted. The motion to certify a class for purposes of pursuing the ICFA and breach of fiduciary duty claims (Counts 3 and 4 of Hobson's Fifth Amended Complaint) is denied.

Dated: June 4, 2001

MATTHEW F. KENNELLY
United States District Judge